| 61 | 539 |
|----|-----|
| 137a | 155 |

</div>

---

WILLIAM SPERB, JR., RESPONDENT, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Easement — elevated railways in New York — light and air — when prospective damages for smoke, cinders and gases are not allowable — rights of action reserved by a grantor of the premises.*

An owner of premises in the city of New York brought an action against the elevated railway companies of that city asking for an injunction to restrain their operation, for the recovery of damages for past trespasses and for prospective damages.

A referee, before whom the action was tried, awarded to the plaintiff, among other things, for his easement of light and air a fixed sum, and included therein, as an element of compensation, the loss to result from the future passage of trains with the smoke, cinders and obnoxious gases to be discharged by their engines, and refused to hold that the defendants were required to pay no more in this regard than for the obstruction occasioned by the structure of said elevated railways

*Held,* that such refusal was erroneous.

That such smoke, cinders and obnoxious gases were incidental injuries, produced by the running of the trains, and were not proper items in determining the compensation to be made for the obstruction of light and air.

The deed to the plaintiff reserved to his grantor all rights arising out of any and all injury done to said premises up to the time of the delivery of said deed, and all damages for such injury, and the referee found as a fact that all damages. to the fee by reason of past trespasses were incurred prior to plaintiff's purchase.

*Held,* that if any compensation was due under this head it was due to his grantor,. and not the plaintiff.

Appeal by the defendants, the Metropolitan Elevated Railway Company and the Manhattan Railway Company, from a judgment, entered, after a trial before a referee, in the office of the clerk of the city and county of New York on the 12th day of February, 1891, awarding the plaintiff $3,000 as damages, and also granting an injunction restraining the operation of the defendants' railway in front of the plaintiff's premises, unless the defendants should pay the plaintiff $6,000 and take a conveyance of his easement of light and air in, and access to, said premises.

The action was brought by an owner of certain premises in the city of New York to recover damages, and for an injunction to restrain the operation of an elevated railroad.

*Julien T. Davies* and *Samuel Blythe Rogers*, for the appellants.

*Edwin M. Felt*, for the respondent.

Daniels, J.:

The plaintiff became the owner of premises situated upon the northerly side of Fifty-third street, 300 feet easterly from the north-easterly corner of Seventh avenue, on the 22d of October, 1884. The elevated railway of the Metropolitan Company had been erected and was in operation in front of these premises in Fifty-third street at and prior to the time of his purchase. And it continued to be maintained and operated until the 18th of June, 1887, when this action for damages, and for an injunction restraining the operation and maintenance of the railway, was commenced by the plaintiff. Upon the trial before the referee evidence was given tending to prove the facts to be that the basement and first story of the premises were injuriously affected by the elevated railway structure and the passage of the trains upon it, and by the smoke, cinders, dust and noise occasioned by those trains. And for that the referee concluded the plaintiff to be entitled to recover the sum of $3,000. And there seems to be no substantial ground for holding that the referee erred in adopting this conclusion.

But he further found that the premises had been reduced in value by the sum of $6,000 by the taking and appropriation of the easement of light and air by the defendants' structure, and its use and operation as a railway for the passage of railway trains propelled by steam locomotives. And that this amount should be paid by the

defendants to the plaintiff upon the execution of a conveyance by him conveying to the defendants the right to use, appropriate and obstruct these easements in that manner.

The referee did not decide that, for the payment to be made as the consideration of the acquirement of the title, the plaintiff was entitled to be remunerated for the noise created by the trains. That was restricted to the damages which it was held the plaintiff was entitled to recover. And under the authorities defining the rights of adjacent owners against these elevated railway structures, that appears to have been a proper item of damages. But the referee was requested to hold and decide that, for the acquisition of the right to use and appropriate these easements in the street in front of the plaintiff's premises, the defendants were required to pay no more than for the obstruction occasioned by the structure itself upon which the railway was maintained, and that all other incidental injuries to the value of the premises should be excluded. The referee overruled this position, and the defendants excepted to the decision to that extent made. And he finally decided that the plaintiff was entitled to recover for the conveyance of these easements, so far as they were used, appropriated and affected by the structure and the trains, the sum fixed by him as the compensation. And he included, as a part of the subjects to be compensated by this sum of money, the future passage of the trains with the smoke, cinders and obnoxious gases found to be produced and discharged by the engines used upon the railway. And to that conclusion exception was taken on the part of the defendants.

Whether these items should enter into the amount to be paid by the railway company for the easements in this manner interfered with and obstructed has not been decided or determined by any finally controlling authority. But it has been held in the case of *Fobes* v. *Rome, Watertown and Ogdensburg Railroad Company* (121 N. Y., 505), upon a full consideration of the decisions affecting these elevated railway structures and their use in the city of New York, that the adjacent owner of property fronting upon a street, who has no title to the land appropriated to the street, has no right of action against a railway company whose railway has been legally authorized and operated over the surface of the street itself. The effect of the decision, substantially, is that where the adjacent owner has no title

to the land over which the railway is constructed, he can recover no damages for the effect produced upon the light or air in the operation of the trains passing along the railway structure on the surface of the street, or for its contamination by means of the smoke, cinders or gases discharged by the locomotive. This subject was also considered by this court in *Matter of New York Elevated Railroad Company* (36 Hun, 427). And it was there held that inasmuch as a railway through a public street was a lawful structure when it was constructed, maintained and operated under legal authority, that the owner of adjacent premises, having no title whatever to the land in the street, could recover no compensation for the incidental injury occasioned to his premises by that use of the street. That was considered to be the effect of the decision of the Court of Appeals in the case of Story, and of the other decisions made by that and other tribunals concerning the maintenance and operation of steam railways upon the surface of public streets. In *Lahr* v. *Metropolitan, etc., Company* (104 N. Y., 268), the rights and liabilities of the parties were considered, under the decision in the Story case, so far as the items of damages proper to be allowed had been compensated for by the recovery, leaving, however, this other question entirely open for further consideration. And the same is true of the decision made in *Drucker* v. *Manhattan Railroad Company* (106 N. Y., 157). And *Abendroth* v *Manhattan Railroad Company* (122 id., 1), proceeded upon the adjustment of the same subject of damages. And so, also, did the case of *Kane* v. *New York Elevated Railroad Company* (125 id., 164). But in the decision of this last case it was said, in the course of the opinion of Andrews, J., that: "The court allowed the jury to consider the noise created by the trains of the defendants as an element of damage. If the defendant had the lawful right to operate its trains in the street, such inconvenience as might result to the plaintiff in the enjoyment of his property from the ordinary and usual operation of the defendant's road would not, in the absence of negligence on its part, furnish a ground of action." (Id., 186.) Which seems to confirm the view that in acquiring the right to maintain the structure in the street the railway companies will not be bound to make compensation for the incidental injuries produced by the mere running of the trains upon the elevated railway structure. And that compensation for

the future discharge of smoke, cinders and noxious gases cannot be included as items for compensation to be made for the obstruction of light and air, in the acquisition of the right to maintain the elevated structure and the operation of railway trains upon it.   And that the referee, therefore, errred in including these subjects as objects of compensation to be paid for in the acquirement of the title to the obstruction of these easements of light and air.

Another difficulty, not apparently reconcilable with the conclusions of the referee, arises under his twenty-fifth finding of fact, by which he found that "No damages have been caused to the fee value of the premises in question from October 22, 1884, to the present time by the existence and operation of said railroad, but all of such damages were incurred prior to the plaintiff's purchase." And that indicates that the plaintiff himself sustained no depreciation whatever in the value of the premises themselves after he had acquired his title.   And if he did not, then there seems to have been no ground upon which he could claim compensation for even this obstruction of the light and air from his premises.   For by the deed which was made to and accepted by him, there was a clause "saving and reserving from the hereby granted premises all rights, claims, actions, causes of action and choses in action for any and all injury done to said property, up to the time of delivery of these presents, and for any and all damages therefor, suffered by their owner," which, as there had been no other cause of injury or damage to these premises made to appear, must have been intended to include those resulting from the erection and operation of this elevated railway.   And if, as the referee has found by this finding, that no damages have been caused to the fee value of the premises after the execution and delivery of this deed to the plaintiff, the right to claim compensation for the reduction of their value by means of the railway and the trains passing over it appears to have been reserved to the grantor in the deed.

For these reasons the judgment seems to have been erroneously recovered, and it should be reversed and a new trial ordered before another referee, with costs to the defendants to abide the result.

Lambert, J., concurred.

Judgment reversed and new trial ordered before another referee, with costs to the defendants to abide the result.