KIEP *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Supreme Court, General Term, First Department.*   February 18, 1892.)

1. ELEVATED RAILROADS—DAMAGES TO FEE VALUE—NOISE OF TRAINS.
   The noise of passing trains on an elevated railroad cannot be taken into consider-
   ation in estimating the fee damage to the property of abutting owners.

2. SAME—FINDINGS OF REFEREE.
   In an action to recover damages to the fee resulting from the operation of an
   elevated railroad, a finding by referees of damages resulting from the "permanent
   maintenance and operation" of the road cannot be construed to include damages for
   injuries incident to the running of trains, such as noise, smoke, etc.

Appeal from judgment on report of referees.

Action by August N. Kiep against the Metropolitan Elevated Railway Com-
pany and another, to recover damages to the fee value of plaintiff's premises.
The conclusion of law and findings of fact by the referees, referred to in the
opinion, were as follows: "*Sixteenth.* The sum fixed, which the defendants
may pay in order to obviate the injunction herein, should not be greater than
the sum necessary to compensate plaintiff for the perpetual maintenance of
defendants' elevated railroad structure, and exclusive of the damages caused
or to be caused by the running of trains thereon." Refused.   "*Twelfth.* The
defendants intend to permanently maintain and operate the said elevated rail-
road as now constructed, maintained, and operated by them.   *Thirteenth.* The
damages suffered by the plaintiff by the maintenance and operation of said ele-
vated railroad from June 15, 1883, (six years before the commencement of this
action,) to December 22, 1890, (the date of the end of the trial of the action,)

was, on said December 22, 1890, the sum of $600. *Fourteenth*. The value of the interests and easements of the plaintiff in said avenue appurtenant to the premises above described, taken, appropriated, and used by the defendants in the construction, maintenance, and operation of said elevated railroad, and the impairment of the fee value of plaintiff's said property in consequence of such taking, appropriation, and use, as upon a permanent maintenance and operation of said railroad, as the same was maintained and operated on December 22, 1890, was, on said day, the sum of $1,200, over and above any benefits resulting to said premises from the construction, maintenance, or operation of said railroad, and peculiar to said premises." From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Davies, Short & Townsend, (Julien T. Davies* and *Joseph E. Lord,* of counsel,) for appellants. *Cannon & Atwater, (Henry G. Atwater,* of counsel,) for respondent.

LAWRENCE, J. On the argument of this appeal, the appellants' counsel waived the objection that error had been committed by the referees in awarding damages on account of injuries inflicted upon the premises in suit, for a period of time subsequent to the commencement of the action, and he rested his appeal solely upon the ground that it was error on the part of the referees to grant an injunction against the future running of trains, and to include damages for any injuries incidental thereto, in fixing the sum to be paid as the value of the easement. It is now perfectly well settled that, although an elevated railroad is liable in an action at law for the wrong done abutting owners by the noise of passing trains, such noise should not be taken into account as an element of fee damage in actions of this nature. *American Bank-Note Co.* v. *New York El. R. Co.* (N. Y. App.) 29 N. E. Rep. 302. We fail, however, to discover, from the admission of the evidence in this case as to noise, smoke, and cinders, that the referees, in estimating the amount which the plaintiff should receive as damage to the fee, included such damages as arose from the incidental use and operation of the road. The exceptions upon which the appellants rely are based upon the refusal to find the sixteenth proposed conclusion of law of the defendants, taken in connection with the twelfth and fourteenth findings of the referees. Those findings, in our opinion, do not show that the referees allowed, as a part of the damage to the fee value of the plaintiff's property, the injuries incidental to the running of trains. The use of the words "permanent maintenance and operation of such road" does not necessarily include such incidental damages, and it seems to us hypercritical to say that the referees, by their findings and their refusal to find, have indicated that such damages were included in the conclusion which they reached, or in the judgment entered thereon. There is no other question in the case, and we are of opinion, therefore, that the judgment rendered below should be affirmed, with costs and disbursements to the respondent. All concur.