### JORDAN *v.* METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term.*  March 14, 1892.)

ELEVATED RAILWAYS—EASEMENTS—COMPENSATION FOR FUTURE INJURIES.

An elevated railway company, in acquiring the right to maintain its structure in a street to the injury of the easements of light and air therein of an abutting owner, may be required to make compensation to such owner for future injuries which will result from the operation of the railway other than the exclusion of light and air, such as the discharge of smoke, cinders, and noxious gases. *Sperb* v. *Railway Co.,* (Sup.) 16 N. Y. Supp. 392, disapproved.

Appeal from special term.

Action by Alexandrina Jordan against the Metropolitan Elevated Railway Company and another. From a judgment for plaintiff, defendants appeal. Modified.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Davies & Rapallo,* for appellants.  *Sackett & Bennett,* for respondent.

DUGRO, J.    This is an appeal from a judgment in favor of the plaintiff for past damages and an injunction, with alternative relief.  Assuming the appellants' point to be in the case, the main question in this appeal is presented by his claim that an error was committed by the learned trial judge in including, as a part of the subjects to be compensated for by the amount which was fixed as the fee damage, the future passage of the trains, with the dust, cinders, steam, smoke, or odors incidental to the operation of trains in the future upon the structure of the defendants.  The appellants' contention is, in substance, that the injury to plaintiff's easements of light, air, and access in the street adjacent to her lot, for which she can recover, is merely that done by the existence of the structure in the street, as distinguished from that incident to this existence and the running of trains, with the incidental injuries thereby occasioned to the easements referred to.    In support of their contention they rely mainly upon the case of *Sperb* v. *Railway Co.* (Sup.) 16 N. Y. Supp. 392.   This case is recent, and supports their position. It seems, however, in conflict with the following cases: *Story* v. *Railroad Co.*, 90 N. Y. 122; *Drucker* v. *Railway Co.*, 106 N. Y. 157, 12 N. E. Rep. 568; *American Bank-Note Co.* v. *New York El. R. Co.*, (N. Y. App.) 29 N. E. Rep. 302; *Messenger* v. *Railway Co.*, (N. Y. App.) 29 N. E. Rep. 955. With the first, wherein it holds that "the street occupies the surface, and to its uses the rights of the adjacent lots are subordinate, but above the surface there can be no lawful obstruction to the access of light and air to the detriment of the abutting owner."    With the second, wherein it holds that "smoke, gases, ashes, cinders, affect and impair the easement of air," and proclaims these as elements of damage, even though the necessary concomitants of the construction and operation of the road, and reads: "There remains but the annoyance of noise and vibration of the buildings, * * * but no objection or exception selected these out as improper elements in proof of damage, and the question which might involve the difference of opinion among us is not here presented."    The difference referred to I take to be that later found in *American Bank-Note Co.* v. *New York El. R. Co.* (N. Y. App.) 29 N. E. Rep. 302, where it was held that "the noise of operation should not be taken into account as an element of fee damage."  .With the third, because the question here presented was there not passed upon in the appellants' favor, although presented upon the hearing of the appeal in the court of appeals, and because the *Sperb Case*, and nearly all of those now upon appellants' brief, were upon the brief and supplemental brief presented to the court of appeals by the present defendants, then the appellants.   With the *Messenger Case*, wherein it, adverting to evidence of noise, reads: "It does not appear that this evidence was received as bearing upon the fee damage. * * * According to our decision in the case last cited, it was not competent in relation to the fee damage.  In estimating that, evidence must be confined to what the railroad company is authorized to take or interfere with, to-wit, the easements of light, air, and access."    Subtle refinement may possibly discover the *Sperb Case* as in harmony with the cases referred to.    If so, the defendants are right in their position upon the question presented; for the *Sperb Case* has the merit of being explicit.

   Some provision should have been made for the protection of the defendants against such right as the mortgagee may have in the premises.  As no other error appears in the case, the judgment should be modified. by inserting therein, between the words, "taken by the defendants" and "and providing further that the defendants at any time," the following:  "And also such a release for the purposes of execution by the mortgagee, Frederick Van Keuren, as will relieve from his mortgage lien the said easements,"—and conforming in other respects the judgment thereto.   If the respondent so desires, the judgment will be further modified by the insertion of appropriate provisions in case she should be unable to obtain the release.   Modified as stated, the judgment is affirmed, without costs.   All concur.