FRANK *v.* METROPOLITAN EL. RY. Co. *et al.*   FAHRBACH *v.* SAME.   LUDOVICI *v.* SAME.
LUBIN *v.* SAME.

*(Superior Court of New York City, General Term.* March 14, 1892.)

Appeal from special term.

Separate actions by Sophia Frank, Barbara Fahrbach, Charles Ludovici, and Isaac Lubin, respectively, against the Metropolitan Elevated Railway Company and another. From a judgment for plaintiff in each case, defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Davies & Rapallo,* for appellants. *Sackett & Bennett,* for respondents.

DUGRO, J. That there should be affirmance in these cases follows from *Jordan* v. *Railway Co.*, 18 N. Y. Supp. 205, (decided at this term.) No errors requiring reversal appear in the admission of the evidence objected to in the Lubin and the Ludovici cases. Judgments affirmed, with costs. All concur.

---

## MURPHY *v.* MANHATTAN BRASS CO.

*(Superior Court of New York City, General Term.* March 14, 1892.)

SECURITY FOR COSTS—ACTION BY INFANT.

Where an action was brought by an infant by guardian *ad litem,* who had not given security for costs, instead of obtaining leave to sue as a poor person, (Code Civil Proc. N. Y. § 3268, as amended by Laws 1891, c. 170,) the court erred in denying defendant's motion that plaintiff file security for costs.

Appeal from special term.

Action by John Murphy, by guardian *ad litem,* against the Manhattan Brass Company. From an order denying its motion that plaintiff file security for costs, defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*William G. Lathrop, Jr.,* for appellant. *Adam Finck,* for respondent.

PER CURIAM. The defendant's right to security for costs depended upon section 3268, Code Civil Proc., as amended by chapter 170, Laws 1891. It says that a defendant may require security for costs to be given where the plaintiff was, when the action was commenced, (subdivision 5,) an infant whose guardian *ad litem* had not given such security, except as otherwise provided in sections 459 and 469 of the act. These sections refer to the right of an infant to obtain leave to prosecute as a poor person. As in this case it did not appear that the guardian *ad litem* had filed security for cost, or that the plaintiff had obtained leave to sue as a poor person, the defendant's motion should have been granted. The order appealed from is reversed, and defendant's motion below granted, with $10 costs.