By the Court.—Dugro, J.
This is an appeal from a judgment in favor of the plaintiff for past damages, and an injunction with alternative relief.
Assuming the appellants’ point to be in the case, the main question in this appeal is presented by their claim that an error was committed by the learned trial judge in including as a part of the subjects to be compensated for by the amount which was fixed as the fee damage, the future passage of the trains, with the dust, cinders, steam, smoke or odors incidental to the operation of trains in the future upon the structure of the defendants.
The appellants’ contention is, in substance, that the injury to plaintiff’s easements of light, air and access in the street adjacent to her lot, for which she can recover, is merely that done by the existence of the structure in the street, as distinguished from that incident to this existence and the running of trains with the incidental injuries thereby occasioned to the easements referred to. In support of their contention they rely mainly upon the case of Sperb v. The Metropolitan Elevated Railway *387 Company, 16 N. Y. Supp., 392. This case is recent and supports their position. It seems, however, in conflict with the following cases: Story v. The New York Elevated Railroad Company, 90 N. Y., 122; Drucker v. The Manhattan Railway Company, et al., 106 N. Y., 157; American Bank Note Company v. The New York Elevated Railroad Company, et al., 41 State Rep., 531; Messenger v. The Manhattan Railway Company, et al., 42 Ib., 96. With the first: wherein it holds that “ the street occupies the surface and to its uses the rights of the adjacent lots are subordinate, but above the surface there can be no lawful obstruction to the access of light and air to the detriment of the abutting owner.”
With the second: wherein it holds that smoke, gases, ashes, cinders, affect and impair the easement of air,” and proclaims these as elements of damage, even though the necessary concomitants of the construction and operation of the road, and reads: “ there remains but the annoyance of noise and vibration of the buildings * * * * but no objection or exception selected these out as improper elements in proof of damage, and the question wliich might involve the difference of opinion among us is not here presented.” The difference referred to I take to be that later found in American Bank Note Co. v. The New York Elevated R. R. Co., et al., 41 State Rep., 531, where it was held that “ the noise of operation should not be taken into account as an element of fee damage."
With the third: because the question here presented was there not passed upon in the appellants’ favor, although presented upon the hearing of the appeal in the Court of Appeals, and because the Sperb case and nearly all of those now upon appellants’ brief were upon the brief and supplemental brief presented to the Court of Appeals by the present defendant, then the appellant.
With the Messenger case, wherein it, adverting to evidence of noise, reads : “ It does not appear that the *388 evidence was received as bearing upon the fee damage * * * * According to our decision in the case last cited, it was not competent in relation to the fee damage. In estimating that, evidence must be confined to what the railroad company is authorized to take, or interfere with, to wit: the easements of light, air and access.”
Subtle refinement may possibly discover the Sperb case as in harmony with the cases referred to. If so, the defendants are right in their position upon the question presented; for the Sperb case has the merit of being explicit.
Some provision should have been made for the protection of the defendants against such right as the mortgagee may have in the premises.
As no other error appears in the case the judgment should be modified by inserting therein between the words, “ taken by the defendants,” and, “ and providing further that the defendants at a time,” the following: “ and also such a release for the purposes of execution by the mortgagee, Frederick Van Keuren, as will relieve from his mortgage lien the said easements.” And conforming in other respects the judgment thereto.
If the respondent so desires, the judgment will be further modified by the insertion of appropriate provisions in case she should be unable to obtain the release.
Modified as stated, the judgment is affirmed, without costs.
Sedgwick, Ch. J., and Gildersleeve, J., concurred.