ROOSEVELT HOSPITAL v. NEW YORK EL. R. CO. et al.

(Supreme Court, General Term, First Department. December 16, 1892.)

1. ELEVATED RAILROADS—DAMAGES TO PROPERTY—EVIDENCE.

On the question of damages to premises resulting from operating an elevated railroad in front thereof, if there was error in admitting in evidence estimates of the percentage of the comparative increase in the valuation of plaintiff's and adjacent property, instead of requiring the amounts to be stated in dollars, the error was cured when, on cross-examination, defendant elicited from the witness the estimates in dollars.

2. SAME—COMPETENCY—PHOTOGRAPH OF PREMISES.

In such action, a photograph of the premises is admissible in evidence without identification by the photographer, where a witness familiar with the premises testified that it correctly represented them.

Appeal from special term, New York county.

Action by the Roosevelt Hospital against the New York Elevated Railroad Company and the Manhattan Railway Company to restrain defendants from operating an elevated railroad in front of plaintiff's premises, 36 Bowery, in New York city, until the damages to the premises have been paid. From the judgment granting the injunction, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Davies & Rapallo, (Julien T. Davies and Samuel B. Rogers, of counsel,) for appellants.

Burrill, Zabriskie & Burrill, (G. Zabriskie, of counsel,) for respondent.

O'BRIEN, J. This, like many similar actions, was brought to restrain the maintenance and operation of defendants' railroad in front of plaintiff's premises, and for damages. But three questions are brought to our attention upon this appeal. The first is the claim that it was error to admit estimates in percentages of the comparative increase in fee value of property in the Bowery and other streets. The basis of the objection is that this method of comparison by percentages is wrong. We

fail, however, where the question as to the values of adjoining property was limited to streets contiguous and adjacent to the plaintiff's property, to see any difference, when a comparison is endeavored to be shown, between the opinion of an expert expressed in dollars and one expressed in percentages. The former class of testimony has been allowed, and we regard the latter as equally unobjectionable. Here, the expert, having his limits of comparison circumscribed, was asked whether there has been any general percentage of increase or decrease in the fee value of real estate between 1877 and the present time. Upon cross-examination, this same expert was required to state with respect to the same property the value in dollars of the lots on these adjacent streets; and, whatever error there may have been in the method pursued by plaintiff in forming a question which required the expert to give the percentage of increase or decrease in the fee value, this was cured upon cross-examination by specific questions calling for a statement in dollars of the fee values of lots on the same streets covering the same periods.

The second ground presented relates to an alleged error in considering the running of trains in fixing fee damage. Reliance is placed in the law as settled in the case of Sperb v. Railway Co., (Sup.) 16 N. Y. Supp. 392. As said in Kiep v. Railway Co., (Sup.) 17 N. Y. Supp. 804, where a similar objection was urged: "We fail, however, to discover * * * that in estimating the amount the plaintiff should receive as damage to the fee the referee included such damages as arose from the incidental use and operation of the roads." There, as here, the exceptions related to the refusal to find certain proposed conclusions of law asked for by the defendants.

The third error assigned relates to the admission of a photograph without there having been, as claimed, proper proof of correctness by the man who made it. The cases relied upon by appellants of Cowley v. People, 83 N. Y. 477, 478; People v. Buddensieck, 103 N. Y. 500, 9 N. E. Rep. 44; and Ruloff v. People, 45 N. Y. 214,—are direct authorities for allowing the admission of photographs in evidence, and do not go to the extent of holding that, because the correctness of the photograph is not proved by the man who made it, therefore it is to be excluded. Here, before its admission in evidence, a person entirely familiar with the premises and the location of the defendants' structures testified, after examining the photograph, that it correctly described the same, and that it was in all respects a correct photograph. Upon such foundation being laid, we do not think that the fact that the photographer himself was not produced was fatal to its competency. We think the judgment appealed from should be affirmed, with costs. All concur.