EDWARD H. NIES, Respondent, *v.* CALVIN E. BROADHEAD and Others, Appellants.

*Photographs as evidence — irresponsive answer of a witness.*

It is not essential to the competency of a photograph as evidence, that its accuracy as a true representation of its subject should be verified by the photographer who took it.

Such verification, if required, may be furnished by any other eye witness of equally correct vision and powers of observation as the photographer, and equally interested to observe the features of the scene depicted.

Photographs of the scene of a personal injury are admissible in evidence, as an aid in the investigation of an action to recover damages for the injury, when they bear evidence, on their face, of the correctness of their representation of the scene depicted, in clearness of delineation, sharpness of outline, correct perspective, and in the just proportion between the various objects.

The fact that the answer of a witness is not strictly responsive to the question on direct examination does not necessarily entitle the party against whom the evidence is given to have it stricken out.

On the contrary, if the evidence embraced in the answer is, in itself, competent, and such as might be properly educed by another question, it is in the discretion of the court to let the answer stand.

APPEAL by the defendants, Calvin E. Broadhead and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Monroe county on the 14th day of January, 1893, upon a verdict rendered at the Monroe Circuit, and from an order entered in said clerk's office the 4th day of March, 1893, denying the defendants' motion for a new trial made upon the minutes.

*H. G. Danforth*, for the appellants.

*E. Van Voorhis*, for the respondent.

DWIGHT, P. J.:

The action was for a bodily injury sustained by the plaintiff in being thrown from or in his buggy, down a high bank by the side of a temporary road constructed by the defendants to avoid a deep cut by which they had intersected the highway, in the construction of a railroad.

The motion for a new trial purported to be made "on all the grounds set forth in section 999 of the Code of Civil Procedure," but

the only ground which seems to have been argued below was an exception to the admission in evidence of several photographs of the *locus* of the accident, taken from different points of view; and that is the principal question made on this appeal.

The proofs preliminary to the introduction of the photographs showed that they were taken by a photographer about six weeks after the accident, and that the road and its surroundings had not been changed, in the meantime, in any substantial particular; and the plaintiff, who accompanied the photographer, and who had, himself, after that time, some experience in taking photographs, testified that each of the pictures was a correct representation of the scene from the point of view of each, at the time it was taken. This testimony was not contradicted.

Some time after the photographs were proved, as above stated, and marked for identification, they were offered in evidence by counsel for the plaintiff, whereupon, as we read from the record, counsel for the defendants objected to the evidence " as incompetent; that there were changes between the time the accident occurred and the time the photographs were taken, and they are not proved by the photographer who took them to be accurate." The objection was overruled and the defendants excepted. We think the exception was not well taken.

It will be seen that the only real ground of the objection stated, was that the photographer was not called to testify to the accuracy of the pictures. It is true that the photographer is often called, and it is very proper that he should be, to answer particular questions, if desired, in respect to his work; but it is not apparent that he is any more competent to speak of the accuracy of the picture, that is, we suppose, the correctness of the representation, than any other eye witness of equally correct vision and powers of observation, and equally interested to observe the features of the scene depicted. There is no case, we believe, in which the verification of the photographer has been held essential to the competency of the picture as evidence, and there are several cases in which the pictures have been admitted without such verification. (*Roosevelt Hospital* v. *N. Y. El. R. R. Co.*, 21 N. Y. Supp. 205; *Archer* v. *N. Y., N. H. & H. R. R. Co.*, 106 N. Y. 589; *Alberty* v. *N. Y., L. E. & W. R. R. Co.*, 118 id. 77.) In *Blair* v. *Pelham* (118 Mass. 420) it was

held, in an opinion by GRAY, Ch. J., that the photograph must be verified by proof that it was a true representation of the subject; not that such proof must be made by the photographer, but, on the contrary, that the question whether it was sufficiently verified was a preliminary question of fact for the court, and its decision was not open to exception. It seems to be clear that the objection in this case on the ground stated, was not tenable, and was properly over-ruled. We are unable to see that there was any just ground for the objection to the admission of the photographs in this case. It is undoubtedly true that photography has come to be recognized as a most efficient aid in investigations, the subjects of which cannot, themselves, be brought into court; and nowhere, as we think, have the principles upon which such aid is received been more correctly set forth than by the Supreme Court of Pennsylvania in 1874 in the case of *Udderzook* v. *Commonwealth* (76 Penn. St. 340), where that court said : " It is evident that the competency of the evidence in such a case depends upon the reliability of the photograph as a work of art, and this, in the case before us, in which no proof was made by experts of this reliability, must depend upon the judicial cognizance we may take of photographs as an established means of producing a correct likeness. The Daguerrean process was first given to the world in 1839. It was soon followed by photography, of which we have had nearly a generation's experience. It has become a customary and a common mode of taking and pre-serving views, as well as the likenesses of persons, and has obtained universal assent as to the correctness of its delinea-tions. We know that its principles are derived from science; that the images on the plate, made by the rays of light, through the camera, are dependent on the same general laws which produce the images of outward forms on the retina through the lenses of the eye. The process has become one in general use, so common that we cannot refuse to take judicial cognizance of it as a proper means of producing correct likenesses." Much to the same purpose was the remark of our own Court of Appeals in the case of *Cowley* v. *The People* (83 N. Y. 464): " We do not fail to notice, and we may notice judicially, that all civilized communities rely upon photo-graphic pictures for taking and presenting resemblances of persons

and animals, of scenery and all natural objects, of buildings and other artificial objects." We may add that we have examined the original photographs in this case, which are in the record before us, and find — as, no doubt, the judge at the Circuit found — that they bear evidence, on their face, of the correctness of their representation of the scenes depicted, in clearness of delineation, sharpness of outline, correct perspective and in the just proportion between the various objects depicted. We have no doubt of the competency or of the usefulness of the evidence in question.

The only other exception mentioned in the argument of counsel for the defendants, on this appeal, was to the refusal of the court to strike out an answer of one of the physicians as not responsive to the question put to him. The question was: "Won't you state the character of the injury which Mr. Nies received more particularly?" The answer was, "A. He had, as I termed it, concussion of the spine, and that, if you will allow me to, I will explain to the jury as well as I can, what follows from that. It is considered by competent medical authority that an injury of that character, that don't immediately make marked improvement and lead on to a complete cure in a few months, never gets well; in other words, after a patient has passed twelve months, without marked bettering of his condition, it shows or argues that there is structural change in the cord there, and it will be permanent." Defendants' counsel asked to have the answer stricken out as not responsive. The motion was denied, and the defendants excepted. The fact that the answer of a witness is not strictly responsive to the question on direct examination, does not, necessarily, entitle the party against whom the evidence is given to have it stricken out. On the contrary, if the evidence embraced in the answer is, in itself, competent and such as might be properly educed by another question, it is in the discretion of the court to let the answer stand, the only ground for striking out being that improper evidence has been put into the case in answer to a proper question, and so, without affording an opportunity to the other side to object to its introduction. In this case there was no objection to the evidence on the ground of incompetency, and if there had been we think it would have been untenable. It was, no doubt, competent for the plaintiff to give evidence of the probable duration of the injury which he had received, and

whether it was likely to be permanent. Indeed, these are characteristics of an injury or disease, and were, therefore, in a manner, called for by the question by which the witness was asked to state the character of the injury. There seems to be nothing improper about the answer except the form of the expression " it is considered by competent medical authority ; " and this was only another form of stating what the science of medicine teaches on the point in question.

There seems to be no error in the refusal to strike out, and as no further complaint of error is made on this appeal, the judgment and order appealed from should be affirmed.

LEWIS and HAIGHT, JJ., concurred.