# City of Chicago
## v.
# Sarah A. T. McLean.

*Municipal Corporations—Negligence—Defective Sidewalk—Personal Injuries—Evidence—Instructions—Damages—Mental Suffering.*

1. In an action brought to recover damages from a municipality for personal injuries alleged to have been occasioned by a defective sidewalk, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

2. The mental sufferings of the person injured should be considered in assessing damages in such cases.

[Opinion filed January 22, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. George F. Sugg, Charles S. Cameron and W. E. Hughes, for appellant.

Messrs. Frederick Peake and James Frake, for appellee.

MORAN, J. This is an appeal from a judgment recovered against the city by appellee for injuries received by her by reason of a fall at a point where the sidewalk was defective. The ground strongly pressed upon this court as a reason for reversing the case, is an alleged variance between the declaration and the proof with reference to the defect which caused the injury. Where such a point is made, it is material that the court can readily see from the printed abstract just what the allegations of the declaration are, and counsel should be careful to print in the abstracts or briefs, an accurate statement of what the declaration contains. To omit from the abstract, either by carelessness or design, sentences or allegations having a bearing upon the decision of the point made, is very likely to impose unnecessary labor on both court and counsel. In this case, by what we suppose was the inadvertent omission in the abstract of a part of the allegation in the declaration, a basis is furnished for the contention in the brief that there was a material variance, while, had the abstract been a correct one, no argument of the kind could, with any show of plausibility, have been urged.

It is also urged that the verdict is not warranted by the evidence. Appellee swears that she fell and injured herself at the point where the defect in the sidewalk is shown by other witnesses to have existed, and there is no evidence whatever to contradict her statement. The nature and extent of her injuries were testified to by three physicians who were called as witnesses for appellee, while one who was called by appellant failed to find symptoms which indicated that she had received any appreciable hurt. On that state of evidence it can not be said that the verdict is unsupported. Complaint is made that the court instructed the jury that in estimating appellee's damages they should take into consideration her suffering in body and *mind*, if any, resulting from the injury. The Supreme Court has repeatedly held that mental suffering consequent on such an injury is a proper element to be considered in assessing damages. H. & St. J. R. R. Co. v. Martin, 111 Ill. 219.

The court gave fifteen of the twenty-one instructions

requested by the appellant and refused six.   An examination of those instructions discloses that the jury were very fully instructed on every material question which arose in the case, and we are of the opinion that no error was committed in refusing appellant's instructions which were not given.   The verdict appears to be reasonable in amount; there is nothing about it to indicate partiality or prejudice on the part of the jury, and it being fully warranted by the evidence and no error of law having intervened, the judgment rendered thereon must be affirmed.                *Judgment affirmed.*