## SCOTT v. METROPOLITAN EL. RY. CO. et al.

(Superior Court of New York City, General. Term. January 3, 1893.)

1. ELEVATED RAILROADS—DAMAGES TO ABUTTING PROPERTY—EVIDENCE.
   In an action for damages to the rental value of plaintiff's premises, caused by the construction of an elevated railroad in the street on which they fronted, evidence by a former tenant that he moved away because of the impairment of light and the presence of smoke, due to the maintenance and operation of the road, is both material and competent.

2. APPEAL—REVIEW—OBJECTIONS TO EVIDENCE.
   Where evidence is objected to at the trial as incompetent and argumentative, an objection as to its materiality cannot be raised for the first time on appeal.

Appeal from jury term.

Action by William H. Scott, as executor, etc., against the Metropolitan Elevated Railway Company and others, for injury done to premises No. 36 Murray street by the maintenance and operation of defendants' elevated railroad. From a judgment entered on a verdict in plaintiff's favor, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

Davies, Short & Townsend, (Herbert Barry, of counsel,) for appellants.

Arnold & Green, (L. H. Arnold, Jr., of counsel,) for respondent.

GILDERSLEEVE, J. This is an appeal from a judgment entered on the verdict of a jury, in favor of plaintiff, for the sum of $5,722.87, damages and costs. The action was brought to recover damages for injury done to premises No. 36 Murray street by the maintenance and operation of defendants' elevated railroad. The only exception taken by the appellants' counsel to the admission or exclusion of evidence that calls for any discussion was to the ruling of the learned trial judge in allowing the former tenant to testify as to the motives which influenced him in moving away from the premises. The question objected to by appellants' counsel is as follows: "Question. Now, please state to the jury what your reason was for removing from 36 Murray street to your present store, in Park place." To which answer is made as follows: "Answer. The reason was it was dark and smoky; and that was my reason." The learned counsel for the appellants claimed that the question was incompetent and argumentative, as the grounds for his objection. No other grounds of objection than those above stated were raised, and no motion was made to strike out the answer. The objection as to materiality, therefore, cannot now be raised. Sweet v. Tuttle, 14 N. Y. 471; Seminary v. McDonald, 34 N. Y. 379. It is too late to raise the question of materiality for the first time on appeal, when, if the objection had been interposed on the trial, the plaintiff might, if necessary, have withdrawn the question, and consented that the answer be stricken out. The witness had given similar testimony before, without objection. He had testified as follows:

"Question. After they commenced to build the elevated railroad, what effect did it have on your business there? Answer. The effect was to make it dark, and the smoke and steam had an effect. We could not stay in there."

It cannot therefore be said that the appellants were prejudiced by the question and answer under consideration. We are of opinion that the grounds of objection to the question urged by appellants' counsel cannot be sustained. The question, moreover, was a proper one, since the act of moving, and the reasons therefor, of the character given, were material to the issues. Unless it was error for the tenant to state that the impairment of light and presence of smoke, due to the maintenance and operation of defendants' elevated railroad, was the cause of his moving away, the objection was properly overruled. It is difficult to see what more material evidence could be produced in support of plaintiff's claim for damages to rental value than the fact that a tenant moved away from the premises, and the foregoing reasons, from his own lips, why he could not stay. Had the removal been due to some other reason than the presence of the defendant's railroad, the fact of removal would have been immaterial. Where the motive of a witness in performing a particular act, or making a particular declaration, becomes a material issue in a case, or reflects important light upon such issue, he may himself be sworn in regard to it. McKown v. Hunter, 30 N. Y. 628. It is a general rule in criminal cases that, where the intent is an essential element to constitute a crime for which a prisoner is on trial, he has the right to testify as to his intent in doing any act which is claimed to prove criminal intent, (Kerrains v. People, 60 N. Y. 221;) and the same rule applies to civil actions where the motive or intent becomes material. The questions of fact arising in the case were properly submitted to the jury, who found in favor of the plaintiff. A fair preponderance of evidence sustains the verdict, and the amount awarded is not excessive. It follows, therefore, that the judgment and order appealed from must be affirmed, with costs.