JOSEPH DEDERICHS, RESPONDENT, *v.* SALT LAKE CITY RAILROAD COMPANY, APPELLANT.

### EVIDENCE—PHOTOGRAPHS.

Where a plain picture or representation produced by the art of photography is verified as a correct representation of the locality at the time of the accident, it is admissible in evidence to enable the court or jury to understand and apply the established facts to the particular case. Such photographic scenes are admissible as appropriate aids to the jury in applying evidence, whether it relates to persons, things, or places.

(No. 742.    Decided Oct. 12, 1896.)

Appeal from the Third district court, Salt Lake county. Hon. John A. Street, *Judge.*

Action by Joseph Dederichs against the Salt Lake City Railroad Company for damages sustained by plaintiff while crossing defendant's track. From a judgment for plaintiff defendant appeals. Reversed. The case was before this court earlier in the year, and is reported in 13 Utah 34.

*Rawlins & Critchlow,* for appellant.

*Richard B. Shepard, A. N. Cherry,* and *H. O. Shepard,* for respondent.

The evidence shows that the collision occurred on the first day of October, 1891, when the trees were in full leaf, and that the photographs were taken on April 6, 1895, when the trees were barren of leaves. It is plain that the photos do not show the point of collision, or in fact any

part of the four corners of the streets where the collision occurred. We contend that they were inadmissible in evidence for these reasons, viz.: First. There was no evidence that the place photographed was in the same condition as when the collision occurred. Second. They were taken three years afterwards. Third. They do not show the point of collision. Fourth. The trees were not in the same condition necessarily as to leaf and size as when the collision occurred. They are immaterial as evidence, for the reason that they show only the row of trees on the north side of Second South and east of Eighth East streets, and were undoubtedly introduced for that purpose, while under the facts in this case it became immaterial whether there were any trees there or not, as the question of the negligence of the parties was confined ultimately to that part of Second South street after Dederichs passed the trees in question, and had no reference to the trees shown in the photos at all.

Counsel cite authorities supporting the admission of these photos, but they are not in point under the facts in this case or the law stated in said authorities, for in them the *locus in quo* was shown, in the case at bar the photos do not show the *locus in quo, i. e.,* the point of collision.

Some courts have admitted photos in evidence, while others have refused them for the reason that they do not show the truth, for, like an expert witness, they are always favorable to the side that takes, pays for, and uses them.

In the Tichborne trial, a photo was introduced to show a grotto, or rather a cave, and a very private cave at that, but when the Chief Justice and Justice Lush visited the spot upon which the camera that had produced the photo had been focused, they found not a cave or grotto, but a public highway only. Green Bag, vol. 5, p. 61.

Mr. Irving Browne, in an article in volume 5 of the

Green Bag, page 62, says that "Photographs can and do lie and be bad enough to bring a blush to the cheek of the worthiest disciple of Ananias." Mr. Browne does not say that all photos do not show the true status of the view presented, but says that by using lenses of different angles almost any picture desired can be produced, so that it will represent or misrepresent the scene at the will of the operating artist. There is no contention on our part that these views do not correctly represent what they purport to, as of date of April 6, 1895, but we do contend that they do not represent the situation on October 1, 1891, and that there is no evidence that shows that they do. Consequently they were inadmissible in evidence.

Counsel say that they were admissible for this reason: that they would show the negligence of plaintiff at the time of the collision, or just before. We ask, why? When they do not show the point of collision, nor within seventy-five feet of it. Then we ask again, can it be said they were competent for this reason? Surely it will not be seriously contended by counsel that they were or are. They were incompetent as evidence, for the reasons we have given. But if competent for any purpose the refusal to admit them is not reversible error, for the reason that the defendant was not deprived of any substantial right by the court's refusal to admit them as evidence. If any error was committed it was an immaterial error of not sufficient importance to reverse the case, as the error was, in any view taken of it, of a harmless nature.

Defendant, on page 9 of its brief, has cited eight authorities to support the proposition that the photos should have been admitted in evidence. As regards these citations, would say that not one of them supports its contention in fact or by inference, as the court will readily see by an inspection of them, for the reason that in each case cited, the photos were taken of the point of collision

or the point in question, and were proven to be correct; while in the case at bar, neither of these premises is correct or was proven by the evidence; hence these authorities are worthless in the case at bar as to the admissibility in evidence of the photographs in question.

Miner, J.:

This action was brought to recover damages arising from personal injuries claimed to have been occasioned by the appellant in negligently running its electric street cars on Second South street in Salt Lake City. The case was before this court on a former hearing, and the decision thereon is reported in 44 Pac. 649. Upon a retrial of the same case it appears from the testimony that on October 1, 1891, respondent was driving his horse and wagon south along Eighth East street across Second South, and after he had crossed the sidewalk and ditch going south towards the street railway track he discovered a street car coming west on the track, three or four hundred feet away. He drove on towards the track, not thinking the car was coming so rapidly, and believing there was plenty of time to cross, as the car was a considerable distance away. Plaintiff then hit his horse, which was upon the track, but the car came on without ringing the bell, sounding the gong, or applying the brakes, at the unusual rapid rate of 22 miles per hour, and ran into plaintiff's wagon, throwing plaintiff therefrom, and injuring him seriously, besides breaking his wagon. During the trial defendant offered in evidence three photographs, taken by the photographer who was a witness, showing the surroundings of the locality in question where the accident occurred, which photographs were shown to accurately represent the situation of the locality, as taken by the camera, and accurately printed from

the plates, but taken April 6, 1895. Plaintiff testified
that he saw no difference in the condition in the trees, as
shown in the photographs, from what they were at the
time he drove across the track, and that the situation
was the same as shown on the photographs that it was at
the time of the accident. To the admission of these pho-
tographs in evidence the plaintiff objected. They were
excluded by the court, and an exception taken. These
photographs exhibited the surface condition of the
streets, buildings, trees, cars, railroad track, poles, and
distances, and would, no doubt, carry to the minds of
the jury a better image of the locality of the acci-
dent and its surroundings, concerning which testimony
was offered, than any oral description. Their accuracy
as a faithful representation of the locality was shown as
compared to the time of the accident. We think it must
be deemed to be established that photographic scenes are
admissible in evidence as appropriate aids to the jury in
applying the evidence, whether it relates to persons,
things, or places. It is a well-established rule, applied in
every-day practice in courts, that diagrams and maps
illustrating the scenes of a transaction, and the relative
location of objects, if proved to be correct, are admissi-
ble in evidence, in order to enable the court or jury to
understand and apply the established facts to the partic-
ular case. And it is difficult to see why a plain picture
or representation produced by the art of photography is
not admissible on like principles, if verified as a correct
representation of the locality. If any difference had
arisen concerning the photographs being taken at a dif-
ferent season of the year, it could have been explained.
The general current of authority supports the admissi-
bility of this class of evidence. 2 Rice, Ev. p. 1169-1172;
1 Greenl. Ev. § 92, note; *Alberti* v. *Railroad Co.*, 118 N.
Y. 77; *Dyson* v. *Railroad Co.*, 57 Conn. 9; *Archer* v.

*Railroad Co.,* 106 N. Y. 589; *People* v. *Buddensieck,* 103 N. Y. 487; *Com.* v. *Robertson,* 162 Mass. 90; *State* v. *O'Reilly* (Mo. Sup.) 29 S. W. 577; *Nies* v. *Broadhead,* 27 N. Y. Supp. 52; *Slott* v. *Railway Co.* (Super. N. Y.) 21 N. Y. Supp. 630.

We think the testimony offered was admissible, and that the court erred in rejecting it. As this question disposes of the case, we do not deem it necessary to discuss the other questions presented. The judgment of the court below is set aside and vacated, and a new trial granted.

ZANE, C. J., and BARTCH, J., concur.