## HETTINGER v. MEYERS.

(Circuit Court, D. Kansas, Second Division. June 21, 1897.)

PROMISSORY NOTE—FAILURE OF CONSIDERATION.

The maker of a promissory note given in payment for stock in a national bank, and immediately transferred by indorsement to said bank by the payee, cannot resist payment of the note, in the hands of a receiver of the bank, on a plea of failure of consideration because of the insolvency of the bank, where the payee has fully indemnified him against loss.

McKinstry & Fairchild, for plaintiff.
D. H. Martin and Z. L. Wise, for defendant.

WILLIAMS, District Judge. It appears from the testimony in this case: That the plaintiff is the receiver of the Hutchinson National Bank, of Hutchinson, Kan. That on or before the 17th day of August, 1893, James Meyers, the defendant, purchased of one W. L. Little, of said Hutchinson, Kan., 10 shares of the stock of said bank,

of the par value of $100 per share, agreeing to pay. therefor the sum of $1,000. That he executed his note to the said Little for the sum of $1,000 in payment for the said stock, and that the said Little on the same day, after business hours, transferred, assigned, and deliv-ered the said note to the said Hutchinson National Bank, and re-ceived credit on the books of said bank for the sum of $1,000 on ac-count of his indebtedness to the same. That on October 18th the said Hutchinson National Bank closed its doors, being insolvent, and was taken in charge by the comptroller of the currency, and the plain-tiff in this action was·appointed receiver. Finding the note men-tioned herein among the assets of said bank, he has brought suit upon the same, which is the subject-matter of this action. At the time of the execution of said note the following agreement in writing was entered into between the parties, which writing is in words and ·figures as follows:

"This writing witnesseth that W. L. Little, of Hutchinson, state of Kansas, has this 17th day of August, 1893. sold to James Meyers, of the said city and state, ten shares of stock of, the Hutchinson National Bank, of said city, of the par value of $100.00 per share, for the sum of $1,000.00, upon the following condi-tions, to wit: That said W. L. Little herein agrees and binds himself. his heirs and assigns, to purchase the aforesaid ten shares of stock at the expiration of six months from this date at the price above stated, together with any interest or losses paid by the said Meyers on, the said stock during the said term of six months, if said Meyers shall so elect. In witness whereof, we have hereunto set our hands and seals this year and date above mentioned.
          "[Signed]                              W. L. Little.
                                                 ."James Meyers."

Afterwards said James Meyers, believing that said stock, after the failure of said bank on the 18th of October, had become of but little or no value, and that he might be liable upon the same for an assess-ment of 100 per cent., took from the said W. L. Little two notes of $1,000 each, the payment of which notes was secured by mortgage upon real estate in the said city, of Hutchinson, one of which notes was transferred by said Meyers to other parties for the sum of $750, which sum was paid him by the purchaser thereof. That the prop-erty covered by the mortgage is reasonably sufficient in value to se-cure the payment of the other note for $1,000. The defendant, Meyers, pleads failure of consideration for said note, and denies his liability as a stockholder under the transactions herein referred to.

One of the main troubles about the case is want of simplicity in the pleadings, and, though drawn by very learned counsel, it is per-haps for this reason that they might be termed too artistic. The court sees nothing in the case to sustain the contention of the defend-ant. The note was transferred to the bank in his presence, with his knowledge, and with the understanding before the note was executed that it was to be so transferred. He made no objection at the time to its being transferred and becoming the property of the bank. The transaction was completed when the note was transferred, and the bank acquired the right to consider it a part of its assets, and .there is no reason why it should not be so considered. So he has no defense at law to the note. The agreement that was made at the time of the execution of the note seems to have been fully com-

plied with. It seems from the testimony that his liability as a stockholder cannot exceed the sum of $750. He has already received that. There can be no failure of consideration, because he is secured against loss by the other note of $1,000, executed to him by Little, which is secured by mortgage upon real estate. If this suit should fail, then the bank equitably should have the proceeds that he has received from Little, to wit, the $750 in money, and the note secured by the mortgage upon real estate. While this could not be done in this action, yet in equity it ought to be done. Then why should he be allowed to defend against this note? As the court has already stated, there is no valid defense that can be made. The findings of law and fact asked for by the plaintiff in this action will be given, and those asked for by the defendant will be refused, and the verdict and judgment in this case will be for the plaintiff.