Quincy Horse Ry. & C. Co. v. Omer.

LANE & COOPER, for plaintiff in error.

No appearance for defendant in error.

Decree reversed and remanded.

---

101    155
s109  ¹239

## Quincy Horse Ry. & C. Co. v. Oscar E. Omer.

1. EVIDENCE—*In Personal Injury Cases.*—Where a plaintiff sues to recover for injuries to himself, evidence relating to damages must be confined to injuries received, capacity for business, and the probabilities of his recovering from such injuries.

2. SAME—*Of the Fact that the Plaintiff Had a Wife and Children.*—In an action for personal injuries, the admission of evidence showing that the plaintiff had a wife and children is error, as tending to unduly enhance his damages.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Adams County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed April 9, 1902.

J. F. BARROTT, attorney for appellant.

AKERS & SWOPE and W. L. VANDEVENTER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.
Appellee brought suit against appellant to recover for

injuries claimed to have been sustained by him while a conductor on one of appellant's electric street cars, by reason of his being struck in the groin by an iron tamping-bar standing in close proximity to the car on which he was riding. A trial by jury resulted in a verdict and judgment in favor of appellee for $5,000.

The evidence shows that on the 15th day of May, 1900, appellee was a conductor for appellant on an open summer car so constructed that the seats run cross-wise, and with a foot-board on each side of the car, running the full length of the same. The position of appellee, when not collecting fares, was upon the rear platform, from which it was his duty to pass along one of the foot-boards in collecting fares from passengers in the seats. Along that part of appellant's line where appellee claims to have been hurt, repairs were going on and laborers were engaged in tearing up and relaying portions of the track. Among the tools used was a tamping-bar, consisting of a straight iron rod four and one-half or five feet long, three-quarters of an inch in diameter and with a half-inch iron plate three inches long and two and one-half inches wide, fastened at one end. There were several of these bars and they were used to stamp sand, gravel and cinders under the ties. Appellee testified that while he was proceeding from the rear platform of the car, along the foot-board on the east side, for the purpose of collecting the fare of a passenger and while the car was in motion, he was struck violently in the groin and hurled back between two of the seats; that as soon as he could recover himself, he looked back and saw one of the tamping-bars standing close to the east side of the track and that it was the bar which struck him. No other witness testified to his being struck or hurled back between the seats, and four or five workmen who were at the time engaged in the repair work testified that there were no tamping-bars on the east side of the track.

So far as the record disclosed, there was a decided preponderance of testimony showing that there was no tamping bar at the place appellee testified it was. To discover

where the truth was in the conflict, was the peculiar prov-ince of the jury, however, and we should not be disposed to disturb the judgment if no error occurred otherwise.

Over the objection of the appellant, the court permitted appellee to testify that he had a family, consisting of a wife and two children. To admit such proof was error. The only purpose of this evidence was to unduly enhance the damages. Where a plaintiff sues to recover for injuries to himself, evidence relating to damages must be confined to injuries received, capacity for business and the probabili-ties of his recovering from the injuries. (City of Chicago v. O'Brennan, 65 Ill. 160; Pittsburg, Ft. Wayne and Chicago Ry. Co. v. Powers, 74 Ill. 341.) The language of Chief Justice Walker in the opinion of the last cited case may well be applied to this case:

"Such evidence is calculated to unduly enhance the damages and to influence the jury to give damages beyond what is a compensation for the injury received. Appel-lants can in no case be required to support the families of one of their employes who may be injured even by the negligence of the servants of the company. Such a rule would be carrying the liability of such bodies beyond the liability of other persons, and would not accord with the analogies or principles of the law. And to permit such evidence would be virtually to impose that duty upon the defendant. It is impossible for us to know what portion of the verdict in this case was allowed because appellee had a family. The evidence was before the jury for the purpose of enhancing the damages, and we have no doubt it produced that result. This was manifest error."

The alleged injury occurred between eleven and twelve o'clock in the day time, and while we think it was entirely proper to show that tamping bars were on the east side of the track at any time in the forenoon of that day, or shortly after, as tending to corroborate appellee, it was not proper to show that some were placed there the night before, for the purpose of supporting lanterns. The bars were in use for tamping and were necessarily shifted from place to place as the work progressed, and it was error to allow the witness, George Angel, to testify that he saw a "tamping bar with a light to it at some time

while the work was going on there, on the east side of the track." Such testimony should have been excluded as being too remote. For errors indicated, the judgment will be reversed and the cause remanded.