### Quincy Horse Railway and Carrying Co. v. Oscar E. Omer.

1. RELEASES—*Of Damages for Personal Injuries—When Consideration 'Need Not be Returned Before Bringing Suit.*—If a release of damages for personal injury is void for the reason that the execution thereof was obtained by fraud and circumvention, it is not necessary that the consideration be returned before a suit for damages for such injury is brought.

2. SAME—*Can Not at Law be Impeached for Fraud Not Inhering in the Execution.*—In an action at law, a written release of damages can not be impeached for fraud not inhering in the execution thereof, but which only goes to the extent of the consideration.

3. SEALED INSTRUMENTS—*How Effect May be Avoided When Procured by Fraud.*—When the signature to an instrument under seal is procured by false representations, the nature of the instrument being fully understood by the party signing it, the effect of such instrument can only be avoided by a separate proceeding in equity.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Adams County; the Hon. HARRY HIGBEE, Judge presiding. Heard in this court at the May term, 1903. Reversed. Opinion filed August 28, 1903.

J. F. CARROTT, attorney for appellant.

AKERS & SWOPE and VANDEVENTER & WOODS, attorneys for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action on the case brought by appellees against appellant to recover damages for personal injuries alleged to have been sustained by him while in the employ of appellant as a street car conductor.

The case is before us for a second time, the former opinion being reported in 101 Ill. App. 155. A retrial in the court below resulted in a judgment in favor of appellee for $5,000, from which an appeal is taken to this court. At the conclusion of all the evidence, appellant entered a motion in writing to instruct the jury to return a verdict finding the defendant not guilty, which motion was overruled.

Various errors are assigned in support of a reversal of the judgment of which we consider it necessary to consider but one. The alleged accident occurred on May 15, 1900. On the last trial appellant introduced in evidence a certain release, executed by appellee, in the words and figures following, to wit:

"Received of Quincy Horse Railway and Carrying Co., two weeks' pay, twenty-three and 35-100 dollars, in full settlement of all claims for injury to my person and property on line of said railway near Eighth and Ohio streets caused by being probed in the side by a bar that had been placed near the tracks of said Ry. on Eighth St., on the fifteenth day of May, 1900, and in consideration thereof I hereby release and discharge all claims of every nature which I have against said Quincy Horse Railway and Carrying Company.

"OSCAR OMER. [SEAL.]

"Witness.

"ARNOLD MARKUS."

Appellant claims that this release was valid and binding, and for that reason alone, no verdict could properly have been rendered in the case.

The evidence is clear that appellee fully understood the nature and terms of the instrument he was signing and that he received the consideration therein named, and that he still retained the same. There is and can be no claim on the part of appellee that there was any fraud in

the execution of the instrument, by any misrepresentation as to the character of the instrument signed by him. Appellee, when his attention was called to the instrument, on cross-examination testified that he saw and read it on the day before he signed it and again on the day he signed it; that he remembered reading it twice; that he had never returned or offered to return the money paid to him when he signed it, although he did not remember whether the money was paid to him for services theretofore performed or not.

It may be said, in passing, that if a release of damages for personal injury is void for the reason that the execution thereof was obtained by fraud and circumvention, it is not necessary that the consideration be returned before a suit for damages for such injury is brought. (I. D. & W. Ry. Co. v. Fowler, 201 Ill. 152.)

The only fraud charged by appellee is that the agent of appellant fraudulently and falsely represented to him that if he would sign the release he would be continued in the employ of the appellant and that immediately upon procuring his signature thereto, said agent discharged him from the service of the appellant. If any such fraud was practiced upon appellee it clearly went to the extent of the consideration only, and was but collateral to the execution of the instrument. The question as to the binding effect of a release of this character, in the absence of fraud in the execution of the instrument itself, was directly raised and decided by the Supreme Court in the recent case of Papke v. Hammond Co., 192 Ill. 631, where it is held that in an action at law, a written release of damages can not be impeached for fraud not inhering in the execution thereof, but which only goes to the extent of the consideration.

The court at pp. 637-8, said :

" It seems to be well settled that when the signature to an instrument under seal is procured by false representations, the nature of the instrument being fully understood by the party signing it, the effect of such instrument can only be avoided by a separate proceeding in equity."

Perhaps the leading case upon this subject in this country

is the case of George v. Tate, 102 U. S. 564, where the Supreme Court of the United States say:

" It is well settled that the only fraud permissible to be proved at law in these cases, is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give.   *   *   *

The remedy is only by a direct proceeding to avoid the instrument.   In an action at law, a written release, of the character of that here introduced in evidence, can not be impeached for fraud, not inhering in the execution thereof, but which only goes to the extent of the consideration." (See also Robinson v. Sharp, 201 Ill. 86.)

We have no doubt, under the evidence, that the release in question was a valid and binding instrument, and furnished a complete legal bar to appellee's claim, and that the instruction directing a verdict of not guilty should have been given.   There being no possible right of recovery the judgment should be one of reversal only.

Finding of Facts to be incorporated in the judgment:

The court finds that after the cause of action in the several counts of the declaration set forth accrued to appellee, he, in consideration of the sum of $23.35 to him paid by appellant on the 6th day of June, 1900, by a valid writing, signed, sealed and witnessed, released and forever discharged the appellant from all claims or demand of every nature arising from said injuries in said declaration, and each and every count thereof mentioned, and that said release was not obtained by any fraud in the execution thereof.