Decided 19 December, 1904.

## MAYNARD *v.* OREGON RAILROAD CO.

78 Pac. 983, 68 L. R. A. 477.

CARRIERS—MENTAL SUFFERING AS AN ELEMENT OF DAMAGE.

1. In actions for damages resulting from injuries caused by negligence, mental suffering from the same cause that produced the injury is an element of damage; but mental distress caused by a realization of resulting physical inability to properly care for and educate those dependent on the person injured is not proper to be considered as an element of consequential damages.

CARRIERS—EVIDENCE AS TO FAMILY OF INJURED PERSON.

2. In an action for personal injuries, evidence as to the number and ages of the members of plaintiff's family is not admissible.

PHOTOGRAPHS OF A RAILROAD WRECK AS EVIDENCE.*

3. In an action for injuries to a passenger, received in a collision of railroad trains, photographs of the scene of the wreck taken the next morning after the accident, and before the conditions have been materially changed, are admissible to show the force of the collision.

---

*NOTE.—See the following annotated cases on the use of photographs as evidence: *Dyson* v. *New York & N. Eng. R. Co.* 14 Am. St. Rep. 82, 87; *Kansas City, M. & B. R. Co.* v. *Smith,* 24 Am. St. Rep. 753, 755; *Beardslee* v. *Columbia Township,* 68 Am. St. Rep. 883, 886; *Baustian* v. *Young,* 75 Am. St. Rep. 462, 468-479; *Dederichs* v. *Salt Lake City R. Co.* 35 L. R. A. 802-815; *Livermore F. & Mach. Co.* v. *Union C. & Storage Co.* 53 L. R. A. 482; *Selleck* v. *City of Janesville,* 47 L. R. A. 691, 76 Am. St. Rep. 892; *State* v. *Miller,* 43 Or. 326.

See, also, an article in 60 Cent. Law Jour. 406, Photographs as Evidence.
                                                    REPORTER.

PLEADINGS AND PROOFS—ALLEGING INJURIES.
4. In an action for personal injuries, plaintiff cannot recover for a mere aggravation of a previously received injury, without alleging such aggravation in his complaint.

INSTRUCTION AS TO NEGLIGENCE NOT PLEADED.
5. Where the complaint in an action for injuries to a passenger alleged negligence in the operation and management by defendant of its passenger and freight trains, an instruction as to the duty of a carrier of passengers "in keeping its passenger trains and appliances in a safe condition" is erroneous.

From Union: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE WOLVERTON.

This is an action by H. Maynard for a personal injury alleged to have been caused by the negligence of the Oregon Railroad & Navigation Co., its agents and employees, in suffering and permitting a moving passenger train of cars, upon which plaintiff was being carried as a passenger, to come into collision with a freight train. Plaintiff secured a verdict and judgment in the circuit court, and defendant appeals. A judgment for plaintiff was reversed on a previous appeal.        REVERSED.

For appellant there was a brief over the names of *William W. Cotton, Thomas H. Crawford,* and *James G. Wilson,* with an oral argument by *Mr. Wilson.*

For respondent there was a brief and an oral argument by *Mr. Leroy Lomax.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

The first question which is brought to our notice arises from the admission of certain testimony, and the next from the refusal of the court to take from the jury certain other testimony on motion of the defendant. The plaintiff, a witness in his own behalf, testified, among other things, in substance, that, while riding on a passenger train of the defendant, in a small room in the front end of the first passenger coach back of the baggage car, and when getting on his feet, a collision occurred between said train and a freight train, whereby he was thrown against some hard substance and fell to the floor; that it seemed to him his whole body struck something; that in falling his leg was skinned, and his hip and back bruised; that the first thing he felt, that he could recall, was a sharp pain in the small of his back; that he felt numb and once in a while a little pain

in the back; that he has always suffered since that time, sometimes worse than others. Whereupon he was asked: "Now, tell the jury, Mr. Maynard, as near as you can, how you have suffered since that time—what, if any, pains have you had, and matters of that kind?" Which question he answered, over objection, as follows: "Well, I always had pains in my back and head, more or less, and my limbs have cramped and run down, weak— no strength any more." After this he told of his previous condition of health, his ability to work, and the services in which he had been employed, when he was asked: "Have you a family, Mr. Maynard?" Another objection was here interposed and overruled, and he answered: "I got a little girl, is all but what's growed up." The inquiry proceeded: "Q. How is that? A. My family is all growed up but one little girl. Q. How old is this little girl you speak of?" His answer was, over objection: "She is thirteen. Q. Is which? A. Thirteen years old. Q. Is she dependent upon you, Mr. Maynard, for her support?" Here the objection was sustained. Witness was then asked: "Mr. Maynard, what, if any, mental suffering or agony have you sustained or had since the injuries that you received down here?" And he was allowed, over objection, to continue: "Well, I suffered distress a good deal when I realize in my condition. I am not able to work, and it distresses me to think about my little girl, and how I am going to support her and educate her and raise her up. Those are the matters that distress me." Then followed a motion to strike out the whole of the answer last given, as immaterial, irrelevant, and not responsive to any issue in the case, and as calculated to unduly prejudice the minds of the jury against the defendant, which was denied. Based upon these premises, the defendant insists that the court erred (1) in permitting the plaintiff to testify that he had a little girl thirteen years old, because it is apparent that the only object plaintiff had in inquiring concerning her was to show that she was dependent upon him for support, which could not properly be considered as an element of damages in the case; and (2) in refusing to take the last answer of the witness from the consideration of the jury, because the distress or mental anguish plaintiff suf-

fered on account of his own condition, in not being able to work and earn a livelihood, or on account of his little girl, in not being able to support and educate her, were also not proper elements of damages upon which to base a recovery against the defendant. We will discuss these alleged errors in their inverse order, as counsel have so discussed and presented them.

1. It is undoubtedly true that one suffering from injuries to his person, due to the negligence of another, may recover for mental distress and anguish resulting from the same cause: *Cooper* v. *Mullins,* 30 Ga. 146 (76 Am. Dec. 638) ; *Hannibal & St. Jo. R. Co.* v. *Martin,* 111 Ill. 219, 232; *City of Chicago* v. *McLean,* 35 Ill. App. 273; *Ferguson* v. *Davis County,* 57 Iowa, 601, 609 (10 N. W. 906) ; *Kendall* v. *City of Albia,* 73 Iowa, 241, 245 (34 N. W. 833) ; *Kennon* v. *Gilmer,* 131 U. S. 22, 26 (9 Sup. Ct. 696). Such mental distress or anguish, however, as is not the natural result of the accident, but is produced by the operation of the mind in the contemplation of the physical condition to which the injured party is reduced, or in contemplation of any extraneous suffering or inconvenience that such condition might entail, whether it respects the person himself, or others dependent upon him, is not regarded as matter proper to form the basis of consequential damages. The doctrine is enunciated in *Indianapolis & St. L. R. Co.* v. *Stables,* 62 Ill. 313, 320, in the following language : "It is the mind that either feels or takes cognizance of physical pain, and hence there is mental anguish or suffering inseparable from bodily injury, unless the mind is overpowered and consciousness is destroyed. The mental anguish which would not be proper to be considered is where it is not connected with the bodily injury, but was caused by some mental conception not arising from the physical injury." So, anguish of the mind, wholly sentimental, arising from the contemplation of a disfigurement of the person, cannot be considered for the purpose of swelling the damage. The reason for the rule is forcibly stated in *Chicago, B. & Q. R. Co.* v. *Hines,* 45 Ill. App. 299, as follows: "The law regards supposed injuries to sentimental feelings of this character as too remote and speculative to allow it as an element of damages in cases where no

malice exists." Of like character is *Augusta & S. R. Co.* v. *Randall,* 85 Ga. 297 (11 S. E. 706) ; *Giffen* v. *City of Lewiston,* 6 Idaho, 231 (55 Pac. 545) ; and *Chicago, R. I. & P. R. Co.* v. *Caulfield,* 63 Fed. 396 (11 C. C. A. 552).

The same principle was controlling in *Planters' Oil Co.* v. *Mansell* (Tex. Civ. App.), 43 S. W. 913, where the injured party was permitted by the trial court to show, over objection, that he was greatly annoyed and suffered mental anguish from the fact that the month's rent of six dollars on his house would soon be due, and that he had just that amount with which to pay it; the appellate court saying: "The mental anguish which the appellee experienced on account of the fact that his house rent would soon be due, which he would be unable to meet, and which (such is the implication) would result to the inconvenience or suffering of his family, does not naturally result from the injury." So it was also said in *Linn* v. *Duquesne Borough,* 204 Pa. 551 (54 Atl. 341, 93 Am. St. Rep. 800) : "Mental suffering has not generally been recognized as an element of damages for which compensation can be allowed, unless it is directly connected with a physical injury, or is the direct and natural result of a wanton and intentional wrong. Where a claim is for mental suffering that grows out of or is connected with a physical injury, however slight, there is some basis for determining its genuineness and the extent to which it affects the claimant. But as the basis of an independent action, mental suffering presents no features by which a court or jury can determine either its existence or its extent, and claims founded on it have generally been regarded as too uncertain and speculative for consideration." In this case the instruction on the measure of damages permitted the jury to consider, in addition to the physical and mental suffering caused by the injury, and the permanent disability arising from it, the humiliation and regret that plaintiff might thereafter feel because of her inability to attend to her household duties, and to perform the services for her husband that she had been wont to perform, and there was a reversal on account of it. Again, in *Atchison, T. & S. F. Co.* v. *Chance,* 57 Kan. 40 (45 Pac. 61, 62), it was said, which lan-

guage indicates the state of the case also: "The court erred in refusing to strike out the testimony to the effect that Finnegan was troubled by the sickness and confinement of his wife, and the fear that he would leave her and the child in a dependent and helpless condition. Under the decisions of this court, a recovery may be had for mental suffering or anguish of mind resulting from physical pain and suffering endured by the injured party; but it is improper to admit evidence as to mental suffering on account of the circumstances or condition of others." A like ruling was made in *Texas Mex. Ry. Co.* v. *Douglass,* 69 Tex. 694 (7 S. W. 77) upon a similar state of facts as appears in this last case. See, also, *City of Parsons* v. *Lindsay,* 26 Kan. 426.

Now, in regard to the matter which it was sought to have withdrawn from the jury, there are two features involved: First, the witness says, in effect, that he suffered a good deal of distress by realizing his condition that he was not able to work. This related to his mental suffering, as he was asked about that, but it was not such as would naturally result from his physical infliction. It arose by reason of the consideration or mental deduction that his infliction rendered him unable to work—a cause arising independently of the injury sustained. The fact that he was rendered incapable of pursuing his labors was a condition entirely legitimate for swelling the damages, but his meditation upon that fact, and the mental distress and anguish produced from such meditation, would be wholly aside from and independent of any suffering caused by the accident or the physical infliction received; and, as the authorities say, it is too remote, speculative, and uncertain upon which to base an estimate of damages.

The other feature consists in the distress that it caused him when he thought of his little girl and how he was going to support and educate her, and it needs no further remark to show that this is extraneous of any distress of mind arising from the injuries received. So we conclude that the trial court erred in not withdrawing the witness's answer from the consideration of the jury.

2. We are of the opinion, also, that it was error to permit an examination as to the family of the plaintiff. It could not enhance his damages in the least that he had a little girl of thirteen years to support, and the only tendency of such evidence would be to appeal to the sympathies of the jury in behalf of the plaintiff, and could not prove otherwise than prejudicial to the defendant: *Louisville & N. R. Co.* v. *Binion,* 107 Ala. 645 (18 South. 75); *Quincy Horse R. Co.* v. *Omer,* 101 Ill. App. 155; *Mahaney* v. *St. Louis, etc., R. Co.* 108 Mo. 191 (18 S. W. 895); *Sesler* v. *Rolfe Coal Co.* 51 W. Va. 318 (41 S. E. 216); *Kreuziger* v. *Chicago & N. W. R. Co.* 73 Wis. 162 (40 N. W. 657); *Louisville & N. R. Co.* v. *Collinsworth* (Fla.), 33 South. 513; *Ft. Worth Ironworks* v. *Stokes* (Tex. Civ. App.), 76 S. W. 231; *Baltimore & Ohio R. Co.* v. *Camp,* 81 Fed. 806 (26 C. C. A. 626); *Pennsylvania Co.* v. *Roy,* 102 U. S. 451. While, if this latter error stood alone, we might be inclined, in the light of the circumstance that the court refused to allow the inquiry to proceed as to whether the girl was dependent upon him for support, to view it as harmless; but, when considered in connection with the error just discussed, it might have been that the jury was unduly influenced by it, and hence for these two errors the judgment of the circuit court must be reversed.

Plaintiff's counsel insists, however, that, as the instruction of the court touching the question of damages was unexceptionable, the jury could not well have been misled by the testimony complained of, and therefore that the error in admitting it, if error at all, was harmless; but the court having been especially requested to withdraw the objectionable matter, its refusal must have impressed the jury that it was proper for their consideration, and, being deemed proper when it was not, we must assume that they allowed it to have some weight in their deliberations.

3. It is further insisted that the court erred in admitting certain photographs taken of the scene of the wreck the next morning after the collision occurred. The wrecker had been at work clearing up the track, and the conditions were somewhat changed from those which obtained when the collision took place, and it is objected for this reason that the photographs

were not admissible. They were introduced in evidence for the purpose of showing the great force of the collision or impact resulting from the coming together of the trains, and, while they were not taken at the exact time, the conditions had not so materially changed as to render them incompetent as evidence for the purpose. The situation could not be so well demonstrated or explained as it could be by the use of the photographs, and we think they were not improperly introduced: *Dederichs* v. *Salt Lake City R. Co.* 14 Utah, 137 (46 Pac. 656, 35 L. R. A. 802); *Baxter* v. *Chicago & N. W. R. Co.* 104 Wis. 307 (80 N. W. 644).

4. Another question is raised touching the basis of plaintiff's recovery—whether it should be for the injury alleged to have been sustained, or whether, failing in that, plaintiff could recover for an aggravation of a disability arising from a previous injury. We will indicate our view without an extended discussion of the subject. The plaintiff should be confined to the injuries alleged for his damages. He may have received previous injuries. For these he cannot recover in this action, and, if the injuries now sustained are a mere aggravation of those previously received, he cannot recover therefor, because he has not so alleged in his complaint. That would be a different cause of action from that which he has now preferred. But if the injuries of which he complains are the direct result of the collision, then he may recover, notwithstanding it may have aggravated some former infirmity, provided such former infirmity is not the same as that of which he complains; that is to say, having alleged that the injuries received were bruises on the leg and a wrench of the back and spine, producing severe contusions of the muscles and nerves, etc., he cannot recover for lumbago or rheumatism previously contracted or produced by other injuries received, or for an aggravation thereof produced by the present accident, but must recover upon the strength of his own allegations: *Wilkinson* v. *Detroit S. & Spring Works,* 73 Mich. 405 (41 N. W. 490). The subject seems to have been fairly covered by proper instructions in the charge. It was not error, therefore, to refuse defendant's requested instructions Nos. 2 and 8 in the

record.   We are not saying by·this that such requested instructions were correct or otherwise proper, but that, under the present state of the record, they were a superfluity in any aspect in which they may be considered.

5. Another instruction given is as follows:

"The court instructs you, as a matter of law, that if there is a failure of the common carrier of passengers to exercise all the care and diligence that is reasonably practicable in keeping.its passenger trains and appliances in a safe condition, then the duty of the carrier is not fulfilled, and it is liable for any injury or damage of which such neglect is the approximate cause, provided the person injured is himself using reasonable care and caution to avoid such injuries."

The defendant complains of this because the only negligence alleged in the complaint for which recovery is sought is touching the operation and management by the defendant of its passenger and freight trains, and that the duty of the company to exercise care and diligence to keep its passenger trains and appliances in a safe condition was not involved.   Plaintiff must recover, if at all, for the negligence stated in his cause of action, and will not be permitted to allege negligence in one respect and to recover for such as the company might have been guilty of in another. Any other rule would lead to interminable surprises and consequent injustice.   It is plain that the instruction permitted a recovery for negligence not alleged, and was therefore error.

Many other errors are assigned, but, as the questions involved may not arise at another trial, it is unnecessary to discuss them now.   At the close of the trial, however, defendant asked for a directed verdict in its favor on the ground that plaintiff had failed to connect his condition at the time of the trial with the alleged collision as the cause of such condition.   Without reviewing the testimony, suffice it to say that it was ample upon this subject, as indicated by such as has been noted, to carry the case to the jury, and a directed verdict would have been improper.

The judgment of the circuit court will be reversed, and the cause remanded for such other proceedings as may seem proper, not inconsistent with this opinion.            REVERSED.