OF THE

## STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1905.

AND IN THE FIFTY-NINTH YEAR OF THE STATE.

---

THOMAS CONSIDINE v. CITY OF DUBUQUE, Appellant.

**Defective sidewalks:** CONTRIBUTORY NEGLIGENCE. One is not guilty
1 of contributory negligence as a matter of law in passing over
a defective walk rather than taking another way, where the defect
was not known to him.

**Evidence:** PHOTOGRAPHS. Where photographs of the condition of a
2 walk at the time and place of an injury are admissible in evidence,
their admission simply for the purpose of illustrating a claim in
argument, with a statement of the court that he would so instruct
the jury, which he overlooked, was not error.

**Secondary evidence.** Where the primary proof of notice to a city of
3 injury from a defective walk is shown to have been lost, secondary
evidence is admissible.

**Exclusion of evidence.** Where the ruling striking certain evidence was plain, an instruction directing the jury not to consider the same was not objectionable as failing to point out the matter stricken.

*Appeal from Dubuque District Court.*— HON. FRED O'DON-
NELL, Judge.

TUESDAY, JANUARY 10, 1905.

ACTION at law to recover damages for personal injuries received by plaintiff resulting from a fall upon one of defendant's streets. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*G. A. Barnes, J. B. Powers,* and *Longueville & Kint-zinger,* for appellant.

*McCarthy, Kenline & Roedell,* for appellee.

DEEMER, J.— While passing over a driveway crossing a footpath or place for a sidewalk in the defendant city plaintiff slipped and fell by reason of the icy condition of the way, and received the injuries of which he complains. The street upon which plaintiff fell runs east and west. It has about a twenty per cent grade. There is a sidewalk on either side thereof, and the one on the north has cleats nailed thereon at intervals of about fourteen inches to keep travelers from slipping. Some years ago a portion of this sidewalk was removed to make room for a driveway into one of the abutting lots. This driveway was covered with rocks and sloped to the southeast. Some time before plaintiff received his fall it became partially covered with ice, which, on account of the presence of stones and débris, became uneven, rough, and slippery. The distance from the top of the walk to the ground which constituted the driveway was something like 16 inches at the westerly side of the drive. The icy condition was due to water running from the driveway out

toward the street, and it had existed for a month or more prior to the time plaintiff fell. At about seven o'clock in the evening of a February day in the year 1902 plaintiff, while on his way to church, approached the driveway on the sidewalk from the west, came to the space left in the sidewalk for this driveway, stepped down from the walk with one foot, and as he bore his weight thereon slipped and fell, striking his head and body against the sidewalk, and received the injuries of which he complains. Plaintiff had not theretofore used the walk oftener than once in two weeks, and testified upon the trial that he did not know of its dangerous condition. Others who traveled over this place went into the street gutter to avoid the danger. Still others avoided the danger by going upon the adjoining lot, while others passed directly over the driveway. Its exact condition was not known to plaintiff, and it was so dark when he approached the driveway on the evening in question that he could not see the defects. Plaintiff had on overshoes, and testified that he was walking slowly, looking at the walk ahead; that it was so dark he could not, on account of the height of the sidewalk above the driveway, see the ice upon which he fell. There is no evidence that plaintiff knew of the dangerous condition of the driveway, although he said that he crossed over it some two weeks before, and saw ice upon it.

It is now well settled in this State that one is not necessarily guilty of contributory negligence in passing over a defective street, unless he knows that it is dangerous, and

1. CONTRIBUTORY NEGLIGENCE. that it is imprudent for him to try to pass over it on account of its defective condition. He is not guilty of contributory negligence as a matter of law, nor is he bound to take another way. Generally, it is a question for a jury to decide upon all the facts and circumstances in evidence, and an appellate tribunal will rarely revise its findings. There was enough testimony here of care on plaintiff's part to take the case to a jury. *Sylvester v. Town,* 110 Iowa, 258; *Barnes v. Marcus,* 96 Iowa, 679;

*Bailey v. Centerville,* 115 Iowa, 274; *Rusch v. Dubuque,* 116 Iowa, 403; *Carter v. Lineville,* 117 Iowa, 532. The cases relied upon by appellant are not in point.

II. Certain photographs of the locus were admitted in evidence. The trial court remarked, when passing upon an objection thereto, that they were not admitted as evidence, but simply "for illustration by plaintiff of what he claims in argument. I will so instruct the jury." This promise to further instruct was evidently overlooked, for the matter was not referred to in the formal charge. The evidence shows that the photographs exhibited the exact condition of the sidewalk and the driveway at the time plaintiff received his injuries, save that there was no snow or ice on the ground. We think they were admissible. But as the trial court did not admit them save for the purpose of illustration, there is nothing of which defendant may justly complain. *Barker v. Town of Parry,* 67 Iowa, 147; *Dederichs v. R. R. Co.,* 14 Utah, 137 (46 Pac. Rep. 656, 35 L. R. A. 803).

**2. EVIDENCE: photographs.**

III. Secondary evidence of the preliminary notice given by plaintiff to the city was received. As this was after proof that the primary was lost or destroyed, there was no error. Defendant did not object thereto because no notice to produce was given.

**3. SECONDARY EVIDENCE.**

IV. Certain evidence was stricken out during its introduction, and the court, in its instructions, directed the jury not to consider any evidence stricken out in its presence. This instruction is complained of because it does not sufficiently identify the stricken matter. Without copying from the record, we think there is no merit in the contention. There was no room left for conjecture as to this matter, as the ruling striking the evidence was plain. Moreover, the testimony stricken was not prejudicial in character.

**4. EXCLUSION OF EVIDENCE.**

V. Certain of the instructions are complained of. It is said that the court assumed therein that the walk was de-

fective and unsafe, whereas it should have left the matter to the jury. A careful examination of the instructions, which need not be set out *in extenso,* convinces us that the complaint is without merit. The whole matter was submitted to the jury under proper instructions.

VI. Defendant asked a number of instructions, some of which were given and some refused. Of the refusal of the court to give some of those asked complaint is made. Such as announced correct rules of law, were given by the court in its charge. Others, which did not contain correct propositions, were properly refused. The instructions clearly presented the issues, and plainly announced the law applicable to such cases.

There is no prejudicial error in the record, and the judgment is *affirmed.*