Argued November 24, decided December 2, 1913.

# BOATRIGHT *v.* PORTLAND RY., L. & P. CO.

(135 Pac. 771.)

**Damages—Elements of Compensation—Mental Pain and Anguish.**

1. In an action for personal injuries, plaintiff is not entitled to damages for mental pain and anguish from worry over her financial situation, and evidence of such worry is inadmissible.

[As to necessity and competency of evidence as to mental suffering, see note in Ann. Cas. 1912B, 538. As to mental anguish as element of damages, see notes in 7 Am. St. Rep. 534; 30 Am. St. Rep. 711.]

**Damages—Issue and Proof—Admissibility of Evidence.**

2. Under a complaint alleging extreme general nervousness of plaintiff, testimony of physicians that plaintiff was suffering from neurasthenia, which consisted of increased nervous irritability, impaired memory, muscular tremor, sleeplessness at night, undue fear, and repetition of conversation, was admissible.

**Damages—Pleading—Issues and Proof.**

3. In an action for personal injuries, plaintiff is not entitled to recover for aggravation of previous injuries, unless specially pleaded.

**Trial—Instructions—Requests—Instructions Already Given.**

4. Though the court instructed that plaintiff could not recover for injuries received in a prior accident, but only for those received on the occasion in question, the refusal of an instruction that plaintiff could not recover for aggravation of previous injuries, such aggravation not having been pleaded, was error.

**Appeal and Error—Review—Harmless Error—Judgment Right on Merits.**

5. Article VII, Section 3 of the Constitution, providing that, if the Supreme Court shall be of the opinion that the judgment appealed from was such as should have been rendered, it shall be affirmed, not-

withstanding any error committed during the trial, does not authorize the affirmance of a judgment based on illegal evidence and improper instructions.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action by Bertha J. Boatright against the Portland Railway, Light & Power Company for damages for personal injuries received by plaintiff on the 18th of March, 1912, in alighting from one of defendant's cars, near Anabel Station, on its railway line in Multnomah County, Oregon.   The cause was tried before a jury and a verdict rendered in favor of plaintiff for $2,000.   From a judgment thereon defendant appeals.

The negligence set out in plaintiff's complaint was that the defendant carried the plaintiff past Archer Place, where she had signaled to stop, and having stopped the car at the next station for the purpose of allowing plaintiff to alight, negligently placed the car about one-half car's length from the regular stopping place, and caused the plaintiff to alight in a dark and unsafe place where there was an uneven embankment and an excavation about ten or twelve inches in depth, at a point directly opposite the car-step; that plaintiff stepped into said excavation, slipped and fell and was thereby injured.   The injuries alleged in the complaint were that the plaintiff's head was severely struck and jarred so that she was rendered unconscious, her face and nose bruised, her left foot and ankle severely sprained and injured, and the ligaments of her left ankle and foot torn; that the uterine ligaments of plaintiff were strained and injured, causing displacement and internal injury of the uterus; that she suffered internal injury of the abdomen and region of the back; that by reason of such injuries plaintiff has been suffering ever since from extreme general ner-

vousness, and has endured great mental distress; that she was permanently injured to her damage in the sum of $10,000.

The answer denied the material allegations of the complaint.                                         Reversed.

For appellant there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. F. J. Lonergan,* with an oral argument by *Mr. Leiter.*

For respondent there was a brief over the names of *Mr. J. G. Arnold, Mr. R. A. Koonce* and *Mr. Henry St. Rayner,* with an oral argument by *Mr. Arnold.*

Mr. Justice Bean delivered the opinion of the court.

1. The first error assigned by defendant is based upon the following proceeding: During the course of the trial the plaintiff was ,asked by her attorney whether she had suffered from mental pain or anguish, and if so, to state the particulars to the jury, which question was objected to. The same was then withdrawn and another substituted which brought about the result that the plaintiff testified that she had worried a great deal on account of the fact that since the accident she had not been as well off financially and was not able to pay her bills as she had done formerly. An objection was made by counsel for the defendant that the testimony was incompetent, irrelevant and immaterial, and a request made that it be stricken out. The court thereupon said: "If this woman has suffered any mental anguish by reason of the fact that she has not been able to pay her bills, or anything like that, as she did before the injury, I think it is something that ought to go to the jury—if she has not had money to pay her bills as she did before, and that fact has given her mental worry, why, I think it is proper here for the jury in this case to consider, under all the circum-

stances, in arriving at their verdict, and the motion to strike will be denied.'' An exception was duly saved to this ruling of the court. Over the objection of counsel the witness further testified, in answer to interrogatories as to how long that suffering and worry had been endured by her, that for the last four months previous to the trial it had been a constant worry to her from a financial standpoint, ''because my son was my mainstay.'' On motion of counsel for defendant to strike out all this evidence the court said: ''I will strike out all she said, or the reference she made to her son, that is all.'' To this the defendant duly saved an exception.

It is contended by counsel for defendant that it was error for the court to permit testimony of plaintiff's worry on account of her financial condition after the accident. They invoke the rule enunciated in *Maynard* v. *Oregon R. R. Co.*, 46 Or. 15 (78 Pac. 983, 68 L. R. A. 477). The rule is there stated that ''one suffering from injuries to his person, due to the negligence of another may recover for mental distress and anguish resulting from the same cause. (Citing many cases.) Such mental distress or anguish, however, as is not the natural result of the accident, but is produced by the operation of the mind in the contemplation of the physical condition to which the injured party is reduced, or in contemplation of an extraneous suffering or inconvenience that such condition might entail, whether it respects the person himself, or others dependent upon him, is not regarded as matter proper to form the basis of consequential damages.''

We quote from the case of *Indianapolis & St. Louis R. R. Co.* v. *Stables*, 62 Ill. 313, 320: ''It is the mind that either feels or takes cognizance of physical pain, and hence there is mental anguish or suffering inseparable from bodily injury, unless the mind is overpowered and consciousness is destroyed. The mental

anguish which would not be proper to be considered is where it is not connected with the bodily injury, but was caused by some mental conception not arising from the physical injury.'' The anguish of mind, wholly sentimental, arising from the contemplation of a disfigurement of the person cannot be considered for the purpose of swelling the damages where no malice exists: *Chicago, B. & Q. R. R. Co.* v. *Hines,* 45 Ill. App. 299. In *Planters' Oil Co.* v. *Mansell* (Tex. Civ. App.), 43 S. W. 913, the injured party was permitted by the trial court to show, over objection, that he was greatly annoyed and suffered mental anguish from the fact that the month's rent of six dollars on his house would soon be due, and that he had just that amount with which to pay it; the appellate court saying: ''The mental anguish which the appellee experienced on account of the fact that his house rent would soon be due, which he would be unable to meet, and which (such is the implication) would result in the inconvenience or suffering of his family, does not naturally result from the injury.''

In the case at bar the learned judge in his charge to the jury plainly instructed them that all rulings of the court upon questions of law arising as to the admissibility of testimony and instructions of the court as to questions of law should govern them in arriving at the verdict. The evidence referred to and the ruling thereon lead to the conclusion that if the plaintiff, during the time she was suffering from the injury complained of, did not have funds with which to pay her expenses and was caused to worry on account thereof, the jury, in the consideration of this fact, should award her a greater compensation than they would if she had had funds, say three or four hundred dollars with which to meet those necessary demands. However distressing plaintiff's situation might have been, and whatever amount of sympathy such a condition might

arouse, this rule cannot be sanctioned. The jury should be trusted to award a fair amount of compensation for the injuries sustained on account of negligence, without evidence of plaintiff's poverty merely appealing to them for sympathy. The plaintiff was entitled to compensation for the length of time she lost on account of injury caused by negligence and for the mental anguish which was the direct result of such injury; but she cannot be compensated for the worry caused her on account of being unable to pay her expenses any more than she could had she been careless and indifferent upon that subject: *Warner* v. *De Armond*, 49 Or. 199, 203 (89 Pac. 373, 90 Pac. 1113); *Texas Mex. Ry. Co.* v. *Douglas*, 69 Tex. 697 (7 S. W. 77); *Atchison, T. & S. F. R. R. Co.* v. *Chance*, 57 Kan. 40 (45 Pac. 60); *Linn* v. *Duquesne Borough*, 204 Pa. 551 (54 Atl. 341, 93 Am. St. Rep. 800). It may be said that the evidence objected to is very close to the line of admissibility; nevertheless when this line is crossed we are in a broad field of speculation. We are of the opinion that it was error to admit this evidence.

2. During the course of the examination by the plaintiff's counsel of the physicians, witnesses for plaintiff, they were permitted, over the objections of the defendant, to testify that the plaintiff was suffering from neurasthenia, certain phases of which were explained and the symptoms hereof given in detail. One of the physicians stated that neurasthenia consisted of increased nervous irritability, impaired memory, muscular tremor, sleeplessness at night, undue fear, and repetition of conversation. Defendant's objection to the introduction of this testimony is that it is not responsive to the allegation of the complaint. Plaintiff claimed the right to introduce such evidence under the allegation with reference to the "extreme general nervousness." The testimony of the physician in medical language stated the same thing that is stated in the

complaint in plain English. There was no error in admitting such testimony: *Rogers* v. *Portland Ry. L. & P. Co.,* 66 Or. 244 (134 Pac. 9).

3, 4. From plaintiff's testimony it appeared that in 1909 she suffered an injury in a street-car accident, and the defendant requested the court to instruct the jury that if they found that the plaintiff was suffering from an injury or ailment prior to the accident in question, and that the injuries received at the time of the accident aggravated the previous condition, there could be no recovery for the aggravation of the former injury or ailment for the reason that there was no such allegation in the complaint. This request of the defendant was refused, and the defendant assigns this refusal as error.

It appears from plaintiff's evidence (Transcript, p. 31 et seq.), that in the former accident she suffered an injury to her stomach and back—in a different place from the present injury—and to her head. Plaintiff stated that she had entirely recovered from her former injury and was practically a well woman for about a year before the accident complained of; and that the injuries of which she now complains are different from those received in the former accident. This statement, however, is qualified by her evidence to a certain extent. Upon cross-examination, the following questions and answers appear:

"Q. Do you claim any injury at this time to the uterus?

"A. Well, the strain kind of hurt me, the way I fell down there; it kind of strained me.

"Q. Do you claim there is any displacement of the uterus?

"A. There was.

"Q. Did you claim anything in those particular regions at the time of the former injury?

"A. No, sir.

"Q. I see—your head was injured in the former injury, was it not?

"A. Yes, sir, in the former injury it was my head that was struck.

"Q. Do you claim any injury to your head in the present accident—do you claim any injury to your head now?

"A. Well, one thing it has given me, and that is a lot of headaches, since this injury; there are days that I will have a headache, days in and days out, I will have it; if anything makes me upset or nervous, it gives me that headache.

"Q. What about the effect of the injury you had formerly, as to giving you the headache?

"A. It acted almost the same; it gave me an awful bad headache.

"Q. Did you ever get over that?

"A. Yes, sir, I got over that."

She further stated that in 1909 excessive menstruation was caused as a result of the injuries of the first accident. Upon being asked if any injury she received in that first accident in any way affected her in this case, she answered:

"The only things that seem similar, was the excessive menstruation.

"Q. And you still have that?

"A. I have got better the last three or four months —it is when I am weakened, in a weakened condition that I am that way, and when I get strong I am better.

"Q. And that condition tends to make you nervous, does it not, that uterine trouble?

"A. Well, I never had such a thing before I was hurt the first time.

"Q. I mean this accident.

"A. Well, this has kind of aggravated it a little bit.

"Q. So, then, you never really recovered from your former trouble, that is, the trouble to your uterus, it has always been bothering you, after your first accident, up to the present time?

"A.  Well, I had entirely gotten over that; it would not have returned if I hadn't got hurt again."

Upon her redirect examination her counsel plainly asked her:

"Q.  These injuries that you have been testifying to, which resulted to you from this last accident—were they connected in any way with the injuries you re-ceived in the first accident?

"A.  No, they were not, only just that one, that was very similar to the other, and that was the flowing spells I had—the excessive menstruation, and that was when I was weakened and down, it just aggravated it and made it worse; if I had not had this accident, that would not have returned, because I had recovered from that entirely, I think."

There was no allegation in the complaint of any ag-gravation by the accident in question to such previous injury.  In *Maynard* v. *Oregon R. R. Co.,* 46 Or., at page 22 (78 Pac. 983, 68 L. R. A. 477), passing upon the question of the recovery for the aggravation of a disability arising from a previous injury, it was held that "plaintiff should be confined to the injuries al-leged for his damages.   He may have received previous injuries.   For these he cannot recover in this action, and, if the injuries now sustained are a mere aggrava-tion of those previously received, he cannot recover therefor, because he has not so alleged in his complaint. That would be a different cause of action from that which he has now preferred.   But if the injuries of which he complains are the direct result of the colli-sion, then he may recover, notwithstanding it may have aggravated some former infirmity, provided such former infirmity is not the same as that of which he complains; that is to say * * he cannot recover * * for an aggravation thereof produced by the present ac-cident, but must recover upon the strength of his own

allegations: *Wilkinson* v. *Detroit S. & Spring Works,* 73 Mich. 405 (41 N. W. 490)."

Where the injuries complained of in an action for damages are somewhat connected with injuries received in a former accident, the rule stated in the Maynard case is a very salutary one, and should govern in order that the jury may properly determine from the evidence for what injuries the defendant is entitled to compensation.

The trial court plainly instructed the jury that plaintiff could not recover for injuries received in a prior accident, but only for injuries sustained on account of the negligence of defendant on March 18, 1912; but we find no instruction as to the aggravation of plaintiff's former injury or ailment as detailed in her evidence. We are of the opinion that some such instruction as requested by defendant's counsel should have been given. The other requested instruction as to noninference of negligence from the mere happening of the accident was fully covered by the charge to the jury.

5. We are urged to affirm the judgment under Article VII, Section 3 of the Constitution, which provides in part that "if the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial."

This we cannot do from the record without invading the province of the jury. That fundamental law ordains that the right of trial by jury shall be preserved. This mandate can be obeyed only by obtaining the verdict of a regularly impaneled jury upon legally admitted evidence under proper instructions as to the law. No good finding of fact can be predicated upon illegal evidence: *State* v. *Rader,* 62 Or. 37 (124 Pac. 195);

Forrest v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1048).

For the reasons above noted the judgment of the lower court will be reversed and the cause remanded for such other and further proceedings as may seem proper, not inconsistent with this opinion.

REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.